## No. 365 —MARTIN L. BAKER v. ELSTNER, KINSWORTHY & Co.

In this case plaintiff took defendants' note in settlement of a debt, and with the knowledge of defendants placed it in the hands of a third party, to whom payment was afterward made. Plaintiff now seeks to enforce payment against the maker on the ground that the third holder was not authorized to receive payment.

Held—That the loss must fall upon the plaintiff, because it was through his fault that the defendants were enabled to make the payment to the third party.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee*, J. *Hicks & Hall*, for plaintiff and appellant. *Duncan & Moncure*, for defendants and appellees.

WYLY, J. Plaintiff appeals from the judgment rejecting his demand against the defendants on a promissory note for $1000.

The defense is the plea of payment.

It appears that the plaintiff loaned the defendants the sum claimed and took their note in favor of Thomas M. Wynn. He says he took the note in this way to prevent annoyance from a party who he feared would sue him if he knew that he was the owner of the debt due by the defendants.

By the testimony of the plaintiff it also appears that immediately after the note was given, Thomas M. Wynn accompanied him to a neighboring store and there indorsed in full to him the note. He then placed the note in Wynn's hands to keep, pursuant to previous arrangement.

It remained in Wynn's possession until past due. In the meantime the payments were made to Wynn, which the defendants contend extinguished the debt.

The credits were not indorsed on the note, but the defendants took Wynn's receipts. The plaintiff contends that Wynn had no authority to collect the debt, and that the defendants are at fault for not demanding the note before making the payments.

While Wynn held the note, the defendants knowing that he was the payee, and being doubtless ignorant of the indorsement in full, had the right to believe him the owner, and they were justified in making the payments as they did to him. The plaintiff chose to put his claim in the name of Wynn, thereby inducing the defendants to deal with him as owner.

The loss must fall upon the plaintiff rather than upon the defendants, because it was by plaintiff's act that Wynn was enabled to collect the money from the defendants.

We think the judgment is correct.

Judgment affirmed.